The following opinion of
Cranch, C. J.,
was prepared but not read in Court, as Duckett, J., had some doubts as to some of the arguments therein used.
This is a verdict for manslaughter, on an indictment at common law for murder; and the question is, what punishment can the Court inflict ? 1. It is a felony by the common law, but is within the benefit of clergy by 25 Ed. 3, St. 3, c. 4; and no subsequent statute having taken away the benefit, the party is entitled to it. *412 2. But sundry statutes have annexed certain conditions to its allowance to the secular clergy and to mere laymen. Thus by 4 Hen. 7, c. 13, a person not in orders was to be marked with a T on the brawn of the left thumb in open Court. And by the 18 Eliz. c. 7, § 3, he may be imprisoned at the discretion of the court, not exceeding one year; which was in lieu of the purgation and punishment which the ecclesiastical courts were supposed formerly to inflict. These statutes were all in force at the time of the first emigration to Maryland; and there is no doubt that the statute of 25 Éd. 3, c. 4, extending and confirming the benefit of clergy, was by experience found applicable to the local and other circumstances of the inhabitants. Nor is 1here any reason to doubt that the statutes of 4 Hen. 7, c. 13, and 18 Eliz. c. 7, <§> 3, were likewise found applicable. Many persons have been admitted to the benefit of clergy in Maryland, and burnt in the hand, which can only be done by virtue of the statute of 4 Hen. 7, and the subsequent statutes which explain the mode of marking to be by burning.
I am therefore of opinion that the courts in Maryland may, in their discretion, by virtue of the statute of 18 Eliz. c. 7, § 3, super-add imprisonment to the burning in the hand, upon allowing the benefit of clergy. Under the Act of Assembly of Maryland of 1793, c. 57, § 10 and 28, the courts of that State had, on the 27th of February, 1801, a power either to give judgment of burning in the hand, and imprisonment under the statute of Elizabeth, or, in their discretion, to sentence the offender to labor on the public roads; and that, in cases where the indictments did not conclude against the form of the statute.
Another question arises, whether the Court cannot lawfully render such judgment against the prisoner as is prescribed by the Act of Congress of April 30, 1790, [1 Stat. at Large, 113.] Under this head the first question, which arises, is whether that act is in force within the District of Columbia. Its words are, — “ If any person shall, within any fort or other place, or district of country, under the sole and exclusive jurisdiction of the United States, commit the crime of manslaughter, and shall be thereof convicted, such person shall be imprisoned not exceeding three years, and fined not exceeding one thousand dollars.”
The District of Columbia is a district of country under the sole and exclusive jurisdiction of the United States. Primd facie, therefore, the law applies; and it has never been expressly repealed. It has been said to be impliedly repealed by the Act of 27th February 1801, [2 Stat. at Large, 103,] which adopts in toto the laws of Maryland. But the adoption of the law of Maryland would not have that effect unless the law of Maryland were either expressly or virtually repugnant to the Act of Congress of 1790.
*413 But the provisions of the two laws are not repugnant to each other. By the Act of Maryland the punishment is burning in the hand and imprisonment, or hard labor. By the Act of Congress, fine and imprisonment. I imagine both laws may stand together, and the Court may adopt either mode of punishment in their discretion. This Court has often decided that larceny may be punished under this same Act of Congress, and such has been the constant practice ever since the change of jurisdiction.
But here we are met by what is called a settled principle of criminal law, that the Court cannot, upon a common-law indictment impose a statutory punishment. The authority relied upon is 2 Hawk. c. 25, § 116, who says, — “ It seems that judgment on a statute shall in no case be given on an indictment which does not conclude contra formam statuti.” And again he says, in the same section, “ it seems to be taken as a common ground, that a judgment by statute, shall never be given on an indictment at common law.”
These dicta seem to be only inferences which he draws by reasoning from analogy to the case of an action upon a statute; but he cites no case of an indictment in which the principle has been decided. If he is to be understood as the counsel for the prisoner seem to understand him, he is contradicted by the English every-day practice. By the 5"Anne, c. 6, a person convicted of theft or larceny may be committed, to the house of correction, to be there kept at hard labor not less than six months nor more than two years; and by 4 Geo. 1, e. 11, and 6 Geo. 1, e. 23, felonious stealing of goods is punishable by transportation; and yet the indictments for those offences never conclude against the form of those statutes, although those punishments are generally inflicted ; and there is no case in which the right of the court to inflict such punishments, upon such indictments, has been ques tioned. I understand Hawkins as referring only to such statutes as add some circumstance to the common-law definition of the crime. But where the statute uses only the common-law technical name or description of the offence, and declares it shall be punished in a certain manner, there the indictment need not conclude against the form of that statute to justify the infliction of the statutory punishment. The offence, in such case, is really not against the statute, but against the common law. The statute does not create the offence, nor add any circumstance to its description. The term used by the Act of Congress is simply “ manslaughter,” the technical common-law name of the crime of felonious homicide, without malice prepense. So under the Act of Maryland, of 1793, it was never supposed necessary that the indictment should conclude against the form of the statute in order to authorize the *414 Court to impose the statutory punishment of hard labor. I am therefore of opinion that the Court may, in its discretion, sentence the prisoner to be burnt in the hand and imprisoned under the statute 18 Eliz. c. 7, ■§> 3, or to hard labor upon the roads, under the Maryland law, or to fine and imprisonment under the Act of Congress.